IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JONATHAN EUGENE HUMBERT                                                                    PLAINTIFF
#18812

v.                                      4:23-cv-00847-LPR-JJV

SHARON CASTLEBERRY,
Administrator, Prairie County Sheriff Department                                         DEFENDANT

### RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Lee P. Rudofsky. Any party may serve and file written objections to this Recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

I.   DISCUSSION

Jonathan Eugene Hubert ("Plaintiff") is confined in the Prairie County Jail. He has filed a *pro se* Amended Complaint, pursuant to 42 U.S.C. § 1983, alleging Jail Administrator Sharon Castleberry violated his constitutional rights by seizing and refusing to return an envelope marked "legal mail." (Doc. 7 at 4.) After careful consideration, I conclude he has failed to plead a

plausible claim for relief for two reasons.[1]

First, the Sixth Amendment guarantees a right to counsel during criminal prosecutions and direct appeals. *See* U.S. Const. amend. VI. But that constitutional right does not extend to post-conviction or civil proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Wolff v. McDonnell*, 418 U.S. 539, 576 (1974). Thus, to state a Sixth Amendment violation, there must be facts suggesting: (1) the government knowingly intruded into the attorney-client relationship during a criminal proceeding; and (2) the intrusion prejudiced the defendant or created a substantial threat of prejudice. *See United States v. Sawatzky*, 994 F.3d 919, 923 (8th Cir. 2021); *United States v. Singer*, 785 F.2d 228, 234 (8th Cir. 1986). In the Amended Complaint, Plaintiff says the envelope seized by Defendant Castleberry contained "serious stuff concerning my case[,] a letter I wrote about the day people said I committed a crime[,] lawyer numbers and address that I needed to talk to about my innocen[ce]." (Doc. 7 at 4.) Plaintiff does not say the envelope contained any communications with his attorney about pending criminal proceedings. *See Beaulieu v. Ludeman,* 690 F.3d 1017, 1037 (8th Cir. 2012) (privileged legal mail is narrowly defined as "mail to or from an inmate's attorney and identified as such"). And Plaintiff has not explained how the seizure prejudiced or created a substantial threat of prejudice to his criminal proceedings. Thus, I conclude the allegations in the Amended Complaint fall short of stating a plausible Sixth Amendment claim.

Second, to state a plausible access to the courts claim, there must be facts suggesting: (1) hinderance of a nonfrivolous and arguably meritorious underlying legal claim, (2) challenging a

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (1) are frivolous or malicious or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

prisoner's criminal conviction, sentence, or the conditions of his confinement, (3) that resulted in an actual injury. *Lewis v. Casey*, 518 U.S. 343, 351-55 (1996); *Holt v. Howard,* 806 F.3d 1129, 1133 (8th Cir. 2015); *White v. Kautzky*, 494 F.3d 677, 680 (8th Cir. 2007). In this respect, actual injury means "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348. The allegations in the Amended Complaint do not satisfy these elements.

Importantly, I have previously brought these pleading deficiencies to Plaintiff's attention, given him thirty days to file an Amended Complaint curing them, and cautioned him I would recommend dismissal if he failed to do so. (Doc. 6.) Nevertheless, for the reasons explained herein, the Amended Complaint does not state a plausible claim for relief.

## II.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Amended Complaint (Doc. 7) be DISMISSED without prejudice for failing to state a plausible claim for relief.

2. The Court recommend that, in the future, dismissal of this action count as a strike under 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgement would not be taken in good faith.

DATED this 16th day of November 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

3